UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11999-RGS

ZELMA DICKEY, ET AL.,
PLAINTIFFS,

v.

EQUITY RESIDENTIAL MANAGEMENT, LLC, ET AL.,
DEFENDANTS.

MEMORANDUM AND ORDER
November 23 , 2010

STEARNS, D.J.

BACKGROUND

On November 18, 2010, plaintiffs Zelma and John Dickey, residents of Boston, Massachusetts, filed a Complaint against: (1) Equity Residential Management, LLC, an Illinois business ("Equity Residential"); and (2) Able Restoration Corporate Headquarters ("Able Restoration"), a business in Rockland, Massachusetts. Plaintiffs seek $300 million dollars in damages as well as injunctive relief. They allege diversity of citizenship as the basis for this court's subject matter jurisdiction over the dispute, although they also assert that their federal constitutional rights have been violated.

The dispute centers around the alleged uninhabitable condition of property located at Rolling Green Drive in Fall River, Massachusetts. The plaintiffs rented the apartment from defendant Equity Residential, and moved into the property in September 2008. At that time, they discovered that the place was infested with spiders. They complained about this condition but the premises were not exterminated until almost two weeks later. Plaintiffs claim that the extermination process exacerbated the spider problem. Both plaintiffs then became very ill with breathing and other medical problems. After seeking

medical attention, they discovered that there was a mold and/or fungus problem throughout the apartment.  Further, there were other problems with the apartment, including the lack of clean water.  Plaintiffs moved out of the premises, but allege that they continue to suffer medical problems as a result of their exposure to the unsafe conditions of the apartment.

Count I of the Complaint alleges negligent infliction of emotional distress in connection with the alleged lack of a safe and healthy environment for plaintiffs.  Count II alleges negligent maintenance practices.  Count III alleges negligence by defendant Able Restoration with respect to mold remediation practices.  Count IV alleges deceptive business practices with intent to defraud, in connection with Equity Residential's charge of a $220.00 fee for snow removal and for turning over possession of the apartment to the plaintiffs.  Count V alleges gross negligence of premises maintenance with intent to harm.  There is no Count VI in the Complaint.  Count VII alleges gross breach of warranty of habitability.  Count VIII alleges breach of their right to quiet enjoyment.  Count IX alleges negligent violation of security deposit law, stemming from the non-refundable fee.  Count X alleges the gross failure to provide reasonable accommodations.  Count XI alleges gross negligence in mold decontamination practices by Able Restoration.  Count XII alleges a breach of the rental agreement.  Finally, Count XIII alleges a breach of trust.

Attached to the Complaint is a state court "Tracking Order" indicating that suit had been filed by plaintiffs against Equity Residential in the Housing Court Department, Southeast Housing Court in Fall River, Massachusetts, Case No. 09H3CV00012FR.  Also attached are documents indicating settlement discussions were contemplated, but the status of settlement is not known.

Accompanying the Complaint, plaintiffs each filed a Motion for Leave to Proceed *in forma pauperis* (Docket Nos. 3 and 4), and a Motion for Appointment of Counsel (Docket No. 5).

On November 18, 2010, plaintiffs filed a letter to the District Court to explain why there was a case in the Southeast Housing Court bearing their name. Plaintiffs contend that they hired an attorney to pursue their request for a preliminary injunction with respect to a constructive eviction. They contend this action did <u>not</u> involve any personal injury claims because the attorney did not practice personal injury law. They assert legal malpractice by this attorney. They also assert that they retained a personal injury attorney, but later discharged that attorney because they were dissatisfied with her performance. Plaintiffs contend that they researched the matter themselves and discovered that their personal injury action should be in federal court based on diversity jurisdiction. Plaintiffs indicate that the Housing Court case is still pending, but they do not believe the Housing Court has jurisdiction over this matter. They seek a restraining order by this court directing the Southeast Housing Court case be dismissed without prejudice.

<u>DISCUSSION</u>

I.    <u>The Motions for Leave to Proceed *In Forma Pauperis*</u>

Upon review of the financial disclosures contained in the plaintiffs' *in forma pauperis* motions, the court finds that each lacks sufficient funds to pay his or her apportioned share of the filing fee. Accordingly, it is hereby Ordered that plaintiff Zelma Dickey's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>ALLOWED,</u> and plaintiff John Dickey's Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is <u>ALLOWED</u>.

II.     Screening of the Complaint

Because plaintiffs are proceeding *in forma pauperis*, their Complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.*;* Denton, 504 U.S. at 32-33.

In addition to the statutory screening requirements under § 1915(e)(2), this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In reviewing this action, this court liberally construes plaintiffs' pleadings because they are proceeding *pro se.* See Hughes v. Rowe*,* 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

Under a broad reading, however, this action must be dismissed for lack of subject matter jurisdiction, for the reasons set forth below.

III.     Lack of Subject Matter Jurisdiction

In order to proceed with this action in federal court, plaintiffs must demonstrate that there is either: (1) federal question jurisdiction; or (2) diversity jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, on the face of the Complaint, it is clear that this court lacks subject matter jurisdiction over this action because not all parties are completely diverse. Despite plaintiffs' assertion that diversity jurisdiction does exist, their allegation that Able Restoration is a Massachusetts citizen (as its base is in Rockland, Massachusetts), defeats the diversity claim. Plaintiffs are citizens of Massachusetts as well, and thus there is no complete diversity under 28 U.S.C. § 1332.

Additionally, all counts in plaintiffs' Complaint present state law claims; there are no federal claims asserted, nor can this court discern any *bona fide* basis for federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs' amorphous and conclusory claim that there federal rights have been violated is insufficient to set forth a plausible claim that would support a basis for federal question jurisdiction.

Accordingly, this action is DISMISSED *sua sponte* and without prejudice for lack of subject matter jurisdiction.

IV.     The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1]  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.

Here, the plaintiffs allege that *pro bono* counsel is needed because they are unable to find adequate legal counsel or to handle this matter on their own due to their financial burdens.  Nevertheless, in light of the lack of subject matter jurisdiction and *sua sponte* dismissal of this action, appointment of *pro bono* counsel is not warranted.

Accordingly, the plaintiffs' Motion for Appointment of Counsel (Docket No. 5) is DENIED.

V.      The Request for Immediate Injunctive Relief

As noted above, in the body of the Letter (Docket No. 2), plaintiffs seek an Order for this Court to dismiss the state Housing Court action.  Plaintiffs have not met the requirements for obtaining injunctive relief in accordance with Rule 65 of the Federal Rules

---

[1] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

of Civil Procedure,[2] and, in any event, this court lacks jurisdiction to grant the relief requested not only because there is no subject matter jurisdiction in this case, but because, as a general proposition of law, the federal District Courts lack jurisdiction to dismiss a state court action.[3]

Accordingly, for the reasons set forth above, plaintiffs' request for Injunctive Relief is DENIED.

---

[2]To obtain the extraordinary remedy of preliminary injunctive relief, plaintiffs must show that: (1) they will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) they are likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993) (extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, plaintiffs must demonstrate that their injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

[3]Section 1361 of Title 28 governs the original jurisdiction of the district court of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. This applies to federal officers, employees or agencies, but does not apply to a state court judge or clerk. See Burnett v. Superior Court of Marin County, 573 F. Supp. 345 (N.D. Cal. 1983) (district court lacks jurisdiction to compel state court to perform its alleged duty). Similarly, this Court lacks jurisdiction under 28 U.S.C. § 1651, to compel a state judicial officer to act. Section 1651 provides authority to the Supreme Court and all courts established by an Act of Congress to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Section 1651 is not available in this case because a federal district court cannot, by writ of mandamus, direct a state court or judicial officer to perform an official act. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (petition for writ of mandamus filed under § 1651 denied; federal court cannot control or interfere with state court litigation by way of mandamus); See also Offutt v. Kaplan, 884 F. Supp. 1179, 1183, 1187-88 (N.D. Ill. 1995) (federal action brought under § 1651 and § 1983 against presiding judge in state custody proceedings dismissed on ground that a federal district court has no jurisdiction to review state judicial proceedings; citing, *inter alia*, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)).

CONCLUSION

Based on the foregoing it is hereby ORDERED that:

1. Plaintiff Zelma Dickey's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED;

2. Plaintiff John Dickey's Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is ALLOWED;

3. Plaintiffs' Motion for Appointment of Counsel (Docket No. 5) is DENIED;

4. Plaintiffs' request for injunctive relief is DENIED; and

5. This action is DISMISSED *sua sponte* for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE